**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| Florida Action Committee, Inc.,<br>*Plaintiff*,<br><br>vs.<br><br>Mark Glass, *et al.*,<br>*Defendants*. | Case No. 4:26-cv-388 (MW-MJF) |

**PLAINTIFF FLORIDA ACTION COMMITTEE, INC.'S**
**RULE 26(A) INITIAL DISCLOSURES**

Defendant Florida Action Committee, Inc. (FAC), hereby provides the following disclosures under Rule 26(a)(1).

## I. General Limitations and Exceptions

These disclosures are made in good faith by FAC based upon the information reasonably available at this time and without the benefit of complete investigation or discovery. These disclosures should not be construed to limit FAC's ability to later identify individuals with knowledge of relevant facts or documents as they may become known to FAC through discovery and further investigation. Therefore, FAC reserves the right to amend, supplement, or otherwise modify these disclosures in accordance with the Federal Rules of Civil Procedure, the local rules, and any orders or guidance issued by the Court. Pursuant to Rule 26(a)(1), these disclosures do

not include impeachment or rebuttal witnesses or documents, and any expert disclosures will take place in accordance with the Court's scheduling order.

FAC provides these disclosures subject to and without waiving its rights and privileges. No incidental or implied admissions are intended by these Initial Disclosures. By making these disclosures, FAC does not (1) represent that it has identified every witness, document, tangible thing, or all electronically stored information possibly relevant to this lawsuit; (2) represent that disclosed individuals necessarily have current knowledge of the identified areas of information; (3) agree to permit counsel for any party to communicate with any of the identified individuals who are employed or are representatives of PCMA; (4) waive its rights to object to the production of any document, electronically stored information, tangible thing, or any other information (including witness testimony) on the basis of any privilege, the work product doctrine, relevance, undue burden, or any other valid objection; or (5) concede that Defendants are entitled to any of the documents, electronically stored information, or tangible things or to obtain testimony from any of the individuals referenced herein.

## II. Disclosures

### A. Individuals with Discoverable Information

Pursuant to Rule 26(a)(1)(A)(i), FAC identifies the following individuals who are likely to have discoverable information that may be used to support FAC's claims in this action, unless solely for impeachment.

1. The FAC member declarants who signed declarations attached as exhibits to FAC's operative complaint, with regard to the matters discussed in their respective declarations.

2. FAC employee Teresa Bond, with regard to the preparation of FAC's public records requests to, and receipt of responses from, various sheriff's offices regarding records related to Florida Statutes § 856.022.

### B. Categories of Documents and Things

Pursuant to Rule 26(a)(1)(A)(ii), FAC anticipates that it may use the following information and materials in its possession, custody, or control to support FAC's claims, unless solely for impeachment.

1. The public-records responses submitted by various sheriff's offices regarding records related to Florida Statutes § 856.022.

2. The reports, declarations, articles, and court orders attached as exhibits to FAC's operative complaint.

The documents identified above have been filed on the court's docket with FAC's operative complaint and, to the extent they are sealed, served on counsel of record in hard copy. FAC reserves the right to identify further categories of documents as the action progresses.

**C. Computation of Damages**

FAC discloses the following information under Rule 26(a)(1)(A)(iii): Not applicable.

**D. Insurance Agreements**

FAC discloses the following information under Rule 26(a)(1)(A)(iv): Not applicable.

September 25, 2026

Winston Taylor LLP

*/s/ Michael B. Kimberly*
Michael B. Kimberly (*pro hac vice*)
1901 L Street NW
Washington, DC 20036
(202) 282-5096
michael.kimberly@winstontaylor.com

Megan Anne Casserlie
Fla. Bar No. 1032305
200 S. Biscayne Boulevard
Suite 1700
Miami, Florida 33131
(305) 910-0566
megan.casserlie@winstontaylor.com

*Attorneys for Florida Action Committee*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2026, I served a true and correct copy of the foregoing instrument on Defendants' attorneys of record via email.

*/s/ Michael B. Kimberly*